UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 04-79-DCR |
| V. | ) | |
| BRIAN SCOTT MARTIN, | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Brian Scott Martin is serving a term of imprisonment of 151 months as a result of his participation in a conspiracy to distribute methamphetamine and a conspiracy to illegally lauder currency. [Record No. 97] As set out in his written Plea Agreement, Martin admitted to trafficking more than five kilograms of methamphetamine from Georgia to Laurel County, Kentucky in late 2003 through September 2004. [Record No. 96] He made one to two trips per week, carrying approximately one-half to one pound of methamphetamine during each trip. [PSR, p. 12, ¶ 33] Martin was also responsible for conspiring to launder no less than $ 336,000 during the period charged in the indictment. Martin was subject to a mandatory minimum term of incarceration of 120 months.

Martin has recently moved the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) due to the amendments to the drug tables used to determine non-binding guideline ranges for incarceration applicable to certain federal drug offenses. [Record No. 128]

However, after again reviewing the record, the Court concludes that a reduction of the defendant's sentence is unwarranted.[1]

The factual basis supporting Martin's guilty plea is found in paragraph 3 of his written plea agreement. It provides:

> (a)  That on or about September 22, 2004, in Laurel County in the Eastern District of Kentucky, agents and a cooperating witness (CW) from the Laurel County Sheriff's Department went to the residence of Tony Baker located on Somerset Road in Laurel County, Kentucky. The CW purchased approximately .96 grams of a methamphetamine mixture that tested positive for .65 percent pure methamphetamine. Baker was armed with a pistol at the time of the transaction.
>
> (b)  On or about September 28, 2004, a second purchase of methamphetamine mixture was purchased from Tony Baker at the same location. It tested positive for 1.4 grams of a methamphetamine mixture with a 1.1 grams of pure methamphetamine. A state search warrant was executed on the same date at Baker's residence locating 3.8 grams of a methamphetamine mixture and testing positive for 3.3 grams of pure methamphetamine. Several firearms, marked "buy" money, and $2124 dollars in United States currency were recovered. Baker provided a full statement indicating his source of supply was Trae Whitis and another individual. Baker agreed to make a phone call to Whitis and arrange a delivery of methamphetamine.
>
> (c)  Whitis arrived at the meet location with approximately 4 ounces of methamphetamine that tested positive for 66.1 grams of pure methamphetamine. He was also in possession of $2,750 in United States

---

[1] The Court has also determined that appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001). A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

currency. Whitis admitted his involvement and stated that he had received his methamphetamine from Scott Martin and another individual from Georgia. Whitis agreed to cooperate and placed a phone call to Scott Martin and the other individual.

(d) Martin and at the other individual arrived at the second "meet" location and were arrested at that time. Martin was interviewed and stated that there was another quantity of methamphetamine in his hotel room. He gave consent to search that location. Approximately 2 ounces that tested positive for 33.9 grams of pure methamphetamine was discovered as well as $2452 in United States currency.

(e) Martin stated that he and the other individual had been making trips from Georgia to Kentucky bringing methamphetamine. Martin stated they would bring between a half pound to a pound on every trip. Martin stated that the other individual would make between $10,000 to $15,000 per trip. Martin advised that the trips started in August 2003 and continued through December 2003. Martin further advised that the trips continued after Fordham was released from jail in Georgia approximately two months prior to the interview date of September 29, 2004.

[Record No. 96]

As reflected in the sentencing transcript [Record No. 108], Martin's non-binding guideline range for imprisonment at the time of sentencing was 135 to 168 months. [*See also* PSR, pp. 13–15.] This range was determined by relying upon the guideline range calculated for Count Two, the money laundering charge. *See* U.S.S.G. §§ 2S1.1, 3D1.2. After considering the statements and arguments of the parties, as well as the full circumstances of the conspiracies and other offense conduct, the Court determined that a sentence of 151 months was sufficient, but not greater than necessary to meet the applicable statutory goals and objectives of 18 U.S.C. § 3553.

The issue presented by the current motion is whether a sentence reduction would be warranted in light of the facts of the case and all relevant factors to be considered under 18 U.S.C. § 3553. The Court considers the seriousness of the crime, the personal history and

characteristics of the defendant, the defendant's acceptance or responsibility and cooperation, specific and general deterrence, and the need to protect the public from potential, future crimes by Martin. In again considering these statutory factors, the Court concludes that a reduction to Martin's term of imprisonment would be wholly imappropriate. Martin was extensively involved in trafficking substantial quantities of methamphetamine into the Commonwealth of Kentucky over the course of a year. At the time of sentencing, the Court found that incarceration for 151 months was necessary. The amendment to the drug tables does not change the Court's conclusion. A lesser term of incarceration would not serve the goals of sentencing which include the need to promote both general and specific deterrence. Further, a reduced term of imprisonment would not provide sufficient punishment for Martin's considerable involvement in these drug and money laundering conspiracies. Instead, the requested reduction would unduly diminish the seriousness of his conduct. Accordingly, it is hereby

**ORDERED** that Defendant Brian Scott Martin's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) [Record No. 128] is **DENIED.**

This 19th day of November, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge